UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DEVIN KUGLER,                             )
   Plaintiff,                          )
                                   )
   vs.                                 )           No.  16-4148
                                     )
PAULA LODGE, et al.,                      )
   Defendants                          )

CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file a second amended complaint. [13]

Plaintiff is detained in the Rushville Treatment and Detention Center and he is proceeding in forma pauperis (IFP).  The Court dismissed Plaintiff's initial complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* October 25, 1016 Text Order.  Plaintiff claimed seven Defendants had violated his Fourteenth Amendment rights by denying him adequate mental health treatment.  However, Plaintiff did not mention any of the named Defendants in the body of his complaint, nor their specific involvement in his claims. *See* October 25, 1016 Text Order; *see also Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  In addition, Plaintiff failed to explain what specific treatment was needed, when it was denied, or why it was denied. *See* October 25, 1016 Text Order.  The Court noted "[t]his is particularly important since Plaintiff's claims are similar to previous lawsuits he has filed in the Central District of Illinois." October 25, 2016 Text Order *citi*ng *Kugler v Roth,* Case No. 14- 3085, *Kugler v Rao*, Case No. 14-3133, *Kugler v Roth*, et.al., Case No. 15- 3054, *Kugler v Roth*, Case No. 15-3068, *Kugler v Roth*,

1

Case No. 15-3079,and *Kugler v Roth*, et.al., Case No. 15- 3081.  Plaintiff was allowed an opportunity to file an amended complaint clarifying his claims and admonished he must provide a specific factual basis for his allegations. *See* October 25, 1016 Text Order.

However, Plaintiff's first amended complaint was also dismissed as a violation of Rule 8.  *See* April 3, 2017 Case Management Order.  Plaintiff had again failed to provide any specific time line for his allegations, nor enough factual support to discern if Plaintiff was alleging a new claim.  Nonetheless, the Court noted it was possible Plaintiff was attempting to state "a new claim based on the denial of sex offender treatment." *See* April 3, 2017 Case Management Order.   Plaintiff was again given time to file an amended complaint and directed to answer specific questions to assist in clarifying his claim

Plaintiff's motion for leave to file a second amended complaint is granted. [13] . The Court must still review the allegations and may dismiss a case proceeding IFP at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid."  28 U.S.C. § 1915(d)(2).  The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Instead, enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has again identified seven Defendants from the Rushville Treatment and Detention Center including Paula Lodge, Williams Barnes, Jackie White, Amber Jelinic, Kristin Draughan, Mary Beaver and Dr. Holly Smuzinski.  Plaintiff must complete

sex offender treatment at Rushville in order to obtain his release.  On February 26, 2015,

he was moved to the "Blue Team" for treatment due to problems with his former

placement. (Sec.Amd.Comp., p. 5). Plaintiff says he was doing well, but the named

Defendants began to deny him sex offender treatment for his "mental health needs."

(Comp., p. 6).  While difficult to discern, it appears Plaintiff is alleging the named

Defendants forced him to participate in non-sex offender treatment and refused to

allow him the treatment he needs and the treatment which is required.  Plaintiff also

says Defendant White also told him there were five things he need to accomplish to

continue sex offender treatment, but the Defendant refuses to identify any specific

requirements.

All Rushville residents are detained because they were found to "suffer from a

mental disorder that makes it substantially probable that ... [they] will engage in acts of

sexual violence." 725 ILCS 207/5(f)(definition of sexually violent person).  "While

detained, (Plaintiff) is constitutionally entitled to adequate treatment for his mental

disorder, treatment which must be determined by a qualified professional exercising his

or her professional judgment." *Carpenter v. Clayton*, 2015 WL 1262821, at *4 (C.D.Ill.

March 17, 2015) citing *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).   While deference is

owed to the treating professionals, their judgment maybe disturbed only when it is

"'such a substantial departure from accepted professional judgment, practice, or

standards, as to demonstrate that the person responsible actually did not base the

decision on such a judgment.'" *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir.2008)(quoted cite

omitted); *Allison v. Snyder*, 332 F.3d 1076, 1081 (7th Cir.2003)("As far as the Constitution

3

is concerned, it is enough that judgment be exercised.")  "In other words, in order to be liable, the professional must have been deliberately indifferent to Plaintiff's serious need for sex offender treatment." *Carpenter,* 2015 WL 1262821, at *4  citing *McGee v. Adams,* 721 F.3d 474, 482 (7th Cir.2013)(medical claim by Rushville resident). For the purposes of notice pleading, Plaintiff has adequately alleged the Defendants violated his constitutional rights when they were deliberately indifferent to his serious mental health condition and denied the required treatment.

Plaintiff states he was denied treatment as punishment, but he fails to explain this claim beyond his general allegation.  Therefore, Plaintiff has failed to clearly allege any other constitutional violation.

**IT IS ORDERED:**

1.      Pursuant to a review of the Second Amended Complaint, the Court finds that Plaintiff alleges the named Defendants violated his Fourteenth Amendment rights when they were deliberately indifferent to his serious mental health condition beginning in February of 2015 when he was denied needed sex offender treatment. The claim is stated against the Defendants in their individual capacities only. This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3.     The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4.     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.     Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense

counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **Plaintiff's motion for leave to file a second amended complaint is granted.[13]**

11. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

12. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

Entered this 26th day of September, 2017.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE